# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 8, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SANDRA L. WILLIAMS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0872** (BOR Appeal No. 2047922)
(Claim No. 2010112351)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sandra L. Williams, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 31, 2013, in which the Board affirmed a November 15, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 20, 2012, decision closing the claim for vocational rehabilitation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Williams worked for Alcan Rolled Products. On October 23, 2009, she suffered injuries to her neck, right shoulder, forearm, hip, ankle, and leg when she was struck by a forklift. The claims administrator held her claim compensable. Following this decision, Lisa J. O'Neal, a psychologist with Genex Services, Inc., who has a CDMS and QRP certification, performed a functional capacity evaluation on Ms. Williams and determined that Ms. Williams was not able to return to work at Alcan Rolled Products because of her post-traumatic stress syndrome. Ms. Williams was then granted vocational rehabilitation benefits, and Ms. O'Neal

1

initiated a thirty-day job search plan in which she would assist Ms. Williams in acquiring alternate suitable employment. The rehabilitation plan provided that Ms. Williams would contact fifteen employers every week and provide an account to Ms. O'Neal of her job searches. The time period of Ms. Williams's vocational rehabilitation was extended on two separate occasions and eventually totaled ninety days. Following the ninety-day period, Ms. O'Neal issued a report recommending that the job search phase of Ms. Williams's vocational rehabilitation benefits be ended. Ms. O'Neal reported that she had provided Ms. Williams with leads concerning several employers in her geographic area but that Ms. Williams had not provided several weeks of logs demonstrating that she had contacted these employers. On April 20, 2012, the claims administrator closed the claim for vocational rehabilitation services. Ms. Williams testified in a deposition that she had not been successful in locating a job. Ms. Williams also stated that she had not contacted the requisite fifteen employers per week because the process was too difficult. Ms. Williams further indicated that she was unable to meet with certain employers because of the cost of gas. Ms. O'Neal also testified by deposition that Ms. Williams had failed to provide her with several weeks of her search logs. She also found that Ms. Williams did not need any additional retraining because she already had a bachelor's degree and there were available jobs in her area. On November 15, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on July 31, 2013, leading Ms. Williams to appeal.

The Office of Judges concluded that the claim was properly closed for vocational rehabilitation benefits. The Office of Judges found, based on Ms. Williams's testimony, that she did not comply with the terms of her rehabilitation plan. The Office of Judges determined that Ms. Williams did not timely submit her job search logs to Ms. O'Neal. The Office of Judges also found that Ms. O'Neal's belief that Ms. Williams did not need additional training was based on the priorities set out under West Virginia Code of State Rules § 85-15-4.1 (2005). The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Williams did not demonstrate that she is entitled to any additional vocational rehabilitation benefits. The evidence in the record shows that Ms. Williams did not fulfill the requirements of her rehabilitation plan. She did not put forth sufficient effort in seeking alternative employment. Ms. Williams's failure to participate in the rehabilitation plan and lack of satisfactory progress in seeking employment justified the claims administrator's suspension of her rehabilitation benefits under West Virginia Code of State Rules § 85-15-2.2(a) (2005). Ms. O'Neal's findings and recommendations were also consistent with the priorities that West Virginia Code of State Rules § 85-15-4.1 directs vocational rehabilitation service providers to utilize. The evidence in the record shows that additional training was unlikely to result in Ms. Williams's placement in suitable gainful employment. Considering that there were suitable jobs in her geographic area, Ms. Williams was not entitled to additional schooling or training because of her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 8, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II